HERMAN BRUEN *et al.,* devisees of Matthias Bruen, deceased, plaintiffs in error, *v.* WILLARD GRAVES, defendant in error.

*Error to Adams.*

EJECTMENT, in the Adams Circuit Court, originally brought by Matthias Bruen against Willard Graves. Bruen having died *pendente lite,* his devisees, the present plaintiffs in error, were made parties to the suit.

The cause was heard before the Hon. Norman H. Purple and a jury, at the April term 1846. The plaintiff offered to read in evidence a deed executed to him by the Auditor, for the premises in question, dated March 2, 1840, founded upon a sale of the same for taxes on the 10th day of January, 1833. The defendant objected to its introduction, contending that the Auditor had no authority to execute deeds for lands sold for taxes, after the passage of the Revenue Act of 1833. The Court sustained the objection, when judgment was rendered in his favor.

This case was argued in connection with the two preceding cases.

*O. H. Browning & N. Bushnell,* for the plaintiffs in error.

*A. Williams,* for the defendant in error.

The Opinion of the Court was delivered by

WILSON, C. J. Upon the trial of this cause, which was an action of *ejectment,* brought by the plaintiff to recover of the defendant a tract of land described as the north east quarter of section thirteen, in township one south, in range seven west of the principal meridian. The plaintiff offered in evidence a deed of the described land, executed to him by the Auditor of the State of Illinois. The defendant moved the Court to exclude this deed from being read in evidence

to the jury, and the Court sustained the motion, and decided that the deed could not be read as evidence of the plaintiff's title to the land sued for. This decision of the Court the plaintiff excepted to, and now assigns it for error.

The deed is regular upon its face, and is properly authenticated, but it appears to have been refused as evidence of the plaintiff's title upon the ground that the Auditor had no authority to make it. The sale of the land in controversy was made on the 10th day of January, 1833, in pursuance of the Acts of the Legislature of 1827 and 1829. It is not questioned that at this time these laws were in force, and empowered the Auditor to sell this and other delinquent land for taxes due thereon. But the deed was not made until the 2d day of March, 1840, and it is contended that before this time, the Act of 1833 had taken from the Auditor the power to make the deed in question by a repeal of that part of the Act of•1827 that conferred such power.

This question has been settled by this Court at the present term, in the case of *Bruce* v. *Schuyler*, (*ante* 221,) in which it is decided that the authority of the Auditor to make deeds after the passage of the Act of 1833, of land sold by him prior to that time, under the Acts of 1827 and 1829 is not abrogated by the Act of 1833, but still exists in full force.

There is another assignment of error in this case, but as the judgment of the Circuit Court must be reversed for that already noticed, the Court is of opinion that it is unnecessary to inquire into the other one.

The judgment of the Circuit Court is reversed with costs, and the cause remanded for further proceedings agreeably to the opinion of this Court.

*Judgment reversed.*